By the Court.
In an action against a constable to recover possession of personal property upon which he has levied an execution, the plaintiff and defendant, by their attorneys, and also the execution creditor by his attorney, came into court and agreed and procured the court to order: 1. That the cause be dismissed so far as the constable is concerned; 2. That the execution creditor, by consent of the plaintiff, be made a party defendant in the cause, with leave to answer and set forth any claim he might have in the cause to the property in controversy by virtue of his execution) and levy on the same as the property of the debtor in execution; and that the suit should be litigated between the plaintiff and the execution creditor the same as if originally commenced between them; and, 3. The constable waives all claims he may have to the property in controversy in the case.
The case was tried between the plaintiff and the execution creditor as defendant; and the verdict was, that the right of property *147 and of possession was, at the commencement of the action, in said defendant, assessing his damages at $264, and judgment was entered accordingly.
Held, that in an action upon the replevin undertaking, the entry and order of the court in the replevin case should be taken as showing that the execution creditor was, substantially, substituted as the defendant instead of the constable, within the meaning of the 44th section of the code of civil procedure.’

Motion overruled.